# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FREDRICK R. DAVID,

    Plaintiff,

v.                                      Case No. 3:25-cv-651-MMH-LLL

WAWA, INC.,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff, Fredrick David's Objection to Defendant Wawa, Inc.'s Notice of Removal, which the Court construes as a motion seeking remand of this action to the state court in which it was initiated. See (Doc. 11; Motion), filed July 14, 2025; see also Defendant Wawa Inc.'s Notice of Removal (Doc. 1; Notice), filed June 11, 2025; Complaint (Doc. 4), filed in state court on December 31, 2024; 28 U.S.C. § 1332.[1] Defendant, Wawa, Inc. (Wawa), timely filed a response in opposition to the Motion. See Defendant's

---

[1] Without explanation or comment, David's lawyer started referring to him as "Frederick R. David" instead of "Fredrick R. David," as his name is spelled in the pleadings. See, e.g., Plaintiff's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 14; First Stricken Disclosure), filed July 21, 2025; Corrected Plaintiff's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 20; Second Stricken Disclosure), filed July 25, 2025. His name also appears as "Frederick R. David" on the Court's docket. The Court refers to him as "Fredrick" because that is how his name is styled in the pleadings and in his signature on his sworn interrogatory responses. See Plaintiff's Answer[s] to Defendant, Wawa, Inc's First Set of Interrogatories to Plaintiff (Doc. 10-1; David's Interrogatory Responses) at 9. The Court will direct the Clerk of the Court to correct his name on the docket.

Response in Opposition to Plaintiff's Motion to Remand (Doc. 22; Response), filed July 29, 2025. Additionally, on June 30, 2025, pursuant to the Court's obligation to <u>sua sponte</u> inquire into its subject matter jurisdiction, the Court directed David to file his disclosure statement identifying his citizenship in accordance with applicable law and directed Wawa to provide the Court with sufficient information to determine whether the amount in controversy requirement is satisfied. <u>See</u> Order (Doc. 8; Jurisdiction Order). The Court struck David's disclosure statement twice for failing to comply with the Court's instructions, but on July 31, 2025, David filed a disclosure statement that properly identifies his state of citizenship as Florida. <u>See</u> First Stricken Disclosure; Endorsed Order (Doc. 18); Second Stricken Disclosure; Endorsed Order (Doc. 21); Plaintiff's Disclosure Statement Under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 (Doc. 25; David's Disclosure Statement). Wawa timely responded to the Jurisdiction Order, contending the amount in controversy requirement is met. <u>See</u> Defendant's Jurisdictional Supplement to the Notice of Removal (Doc. 16; Jurisdiction Response), filed July 21, 2025.[2] Accordingly, this matter is ripe for review.

---

[2] In the Response, Wawa purports to incorporate by reference arguments it raises in its Jurisdiction Response. <u>See</u> Response at 13 n.2. In doing so, Wawa violates Rule 3.01(f), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Local Rule 3.01(f) provides: "A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief." The Court reminds all counsel of their obligation to review and comply with the Local Rules of this Court.

The diversity of citizenship requirement is satisfied. David is a citizen of Florida, see David's Disclosure Statement at 3, and Wawa is a citizen of New Jersey and Pennsylvania, see Notice at 3. See also 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"). In the Motion, David contends Wawa is a citizen of Florida because, he says, it is incorporated in Florida. See Motion at 2–4. To support the contention that Wawa is incorporated in Florida, David provides a screenshot from the Florida Division of Corporations website that shows that Wawa is registered to do business in Florida. See Exhibit 2 (Doc. 11-1 at 3–6; Sunbiz Report). But the Sunbiz Report shows that Wawa is a New Jersey corporation—indeed, the report describes Wawa as a "Foreign Profit Corporation." Id.; see Mendez v. Jarden Corp., 503 F. App'x 930, 936 (11th Cir. 2013) (noting that a Sunbiz report listing a corporation as a foreign corporation demonstrates only that the corporation was incorporated outside of Florida).[3] On this record, David's argument as to Wawa's incorporation in Florida is baseless and the Court reminds David's counsel of his duty as an officer of the

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Court to ensure that his "factual contentions have evidentiary support[.]" See Fed. R. Civ. P. 11(b)(2).

As to the amount in controversy, the Court finds that Wawa has failed to meet its burden to establish that the amount in controversy exceeds $75,000. When a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319–20. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to

"support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.[4]

On March 3, 2024, David allegedly slipped and fell on a "wet spot on the floor" at a Wawa in Jacksonville, Florida. See Complaint ¶ 6. In its Jurisdiction Response, Wawa acknowledges that David's medical bills "collected to date" do not show that the amount in controversy exceeds the jurisdictional threshold—indeed, as of October 24, 2024, David had incurred only $15,561.65 in known medical bills. See Jurisdiction Response ¶ 12, 14; Demand Letter (Doc. 1-30). So Wawa tries to establish the amount in controversy with other evidence: David's $1,000,000 pre-suit demand, the nature of David's injuries, the recommendation that David receive future medical care, David's $150,000 proposal for settlement, David's refusal to stipulate that he seeks less than

---

[4] The Court notes that Dart, Dudley and Pretka all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. §§ 1447(d), 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Id. at 756, 756 n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

$75,000 in damages, and David's civil cover sheet, where he stated that the amount in controversy exceeds $100,000. See Jurisdiction Response ¶¶ 13, 15, 16, 18, 21, 23.

As to the pre-suit demand for $1,000,000, the Court concludes this demand is puffery and entitled to little weight in assessing the amount in controversy in this action. Wawa's assertion that this pre-suit demand provides a reasonable estimate of the value of David's claims is undermined by David's $150,000 proposal for settlement that "was served a year into the case, not pre-suit, after certain discovery and treatment[.]" See Response at 15–18. In the Court's view, the fact that David's estimate of the settlement value of his case decreased so dramatically after discovery shows that his pre-discovery demand lacked the evidentiary support required for the Court to rely on it to establish the amount in controversy. See Boyd v. State Farm Mut. Auto. Ins. Co., No. 6:15-cv-1965-Orl-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) ("When referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'" (quoting Moser v. Cincinnati Ins. Co., No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015))).[5]

---

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310

- 6 -

As to the proposal for settlement, the Court concludes that Wawa has failed to explain the reasonableness of the proposal in light of the evidence of the extent of David's injuries and the cost of his medical treatments. Indeed, whatever a proposal for settlement, a refusal to stipulate, and a civil cover sheet may be worth in some cases, in this case, on the record before the Court, Wawa fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.[6] On March 3, 2025, in response to interrogatories Wawa served in state court, David stated that the only injection, surgery, or procedure recommended to him that he had not already received was a medial branch block. See David's Interrogatory Responses ¶ 25. But neither David nor Wawa suggest the estimated cost of a medial branch block—and common sense would suggest that such a procedure, standing alone, would not bring his $15,561.65 in known medical bills above the jurisdictional threshold of $75,000. When asked if he had any past or future loss of income or earning capacity due to his fall, David identified none, instead stating only that his injury to his left shoulder and the left side of his back "affect" his ability to "sit[] for long periods

---

(11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[6] Because the Court concludes that Wawa has failed to establish that the amount in controversy exceeds $75,000, the Court need not consider the merit of Wawa's argument that a proposal for settlement has more probative value than a demand letter. See Jurisdiction Response at 8 n.4. Even if Wawa is correct that a proposal for settlement can be relied on independently to establish the amount in controversy, the existence of such a proposal would not require the Court to ignore the record evidence when such evidence undermines the amount in the proposal.

of time which [he] must do to operate machinery in [his] field of employment." Id. ¶¶ 8, 10. Thus, the Court is left to speculate if David has any wage loss and has no tools to quantify how much any potential loss of wages or earning capacity is placed in controversy. And perhaps most troublingly for Wawa, it points to no evidence that David has actually incurred more than the $15,561.65 in medical expenses that David identified in his October 2024 settlement demand seeking $1,000,000. See Notice at 4; Demand Letter. In March 2025, Wawa served subpoenas for documents on numerous hospitals, pharmacies, and other medical providers seeking information about David's treatment. See Defendant's Certificate of Non-Objection (Doc. 1-17), filed in state court on March 3, 2025.[7] Notably, those providers included the healthcare providers David would identify as those providing treatment for his injuries. See David's Interrogatory Responses ¶ 12. Yet Wawa still relies only on the $15,561.65 in known medical bills it learned about from David's demand letter. See Demand Letter; Jurisdiction Response ¶ 14.[8] Thus, despite the benefit of discovery, Wawa points to no evidence regarding what amount, if any, David has incurred in excess of the approximately $15,000 previously identified. As to the alleged nature of David's injuries and the types of damages he seeks, in his Complaint,

---

[7] On June 6, 2025, Wawa filed a second Notice of Production from Nonparties in state court. See (Doc. 1-25). Again, it appears Wawa has not received any helpful responses.

[8] On February 24, 2025, in response to a request to produce all medical and hospital bills, David stated "Provided." See Plaintiff's Response to Defendant, Wawa Inc.'s First Request to Produce (Doc. 1-15) ¶ 2.

David makes only boilerplate allegations of injury similar to those that appear in almost every personal injury complaint.[9] See Complaint ¶ 11. The information Wawa provides sheds no additional light on David's injuries or damages. These vague and conclusory allegations do not help to establish the amount in controversy.

In light of the foregoing, the Court determines that despite the Court's guidance and despite being given an additional opportunity, Wawa has failed to satisfactorily establish by a preponderance of the evidence that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold. See Anderson v. Wilco Life Ins. Co., 943 F.3d 917, 925 (2019) ("When the plaintiff contests or the court questions the defendant's allegation [of the amount in controversy], the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient.").[10] As such, this action is due to be remanded to the state court in which it was filed.

---

[9] Inexplicably, Wawa characterizes its estimate of $2,000 a year, in perpetuity, for future medical care as "extremely conservative" but fails to explain why, even if it is conservative, it is anything other than rank speculation as Wawa points to no evidence of what, if any, future medical care David might need or for how long.

[10] Because the Court concludes it lacks diversity jurisdiction, the Court need not and does not address David's argument that removal was procedurally improper for being untimely. See Motion ¶ 1.

Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to change the Plaintiff's name on the case caption and online docket to "Fredrick R. David."

2. Plaintiff, Fredrick David's Objection to Defendant Wawa, Inc.'s Notice of Removal (Doc. 11), which the Court construed as a motion to remand, is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

4. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

5. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 14, 2025.

*[Signature]*

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida